STEFANI E. SHANBERG (State Bar No. 206717)
ROBIN L. BREWER (State Bar No. 253686)
MADELEINE E. GREENE (State Bar No. 263120)
WILSON SONSINI GOODRICH & ROSATI, P.C.
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
E-Mail: sshanberg@wsgr.com
　　　　　　rbrewer@wsgr.com
　　　　　　mgreene@wsgr.com

RYAN R. SMITH (State Bar No. 229323)
WILSON SONSINI GOODRICH & ROSATI, P.C.
Professional Corporation
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
E-Mail: rsmith@wsgr.com

Attorneys for Plaintiff
VORMETRIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VORMETRIC, INC.,<br>a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PROTEGRITY CORPORATION,<br>a Cayman Islands corporation,<br><br>　　　　　　Defendant. | CASE NO.: _____<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT – DECLARATORY JUDGMENT

Vormetric, Inc. ("Vormetric") hereby alleges for its complaint against defendant Protegrity Corporation ("Protegrity"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

## NATURE OF THIS ACTION

1. This is an action for declaratory judgment of noninfringement of two United States patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Law, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

## THE PARTIES

2. Plaintiff Vormetric is a privately held Delaware corporation, with its principal place of business at 2545 North 1st Street, San Jose, California 95131, in this judicial district. Vormetric is an industry leader in data security solutions that span physical, virtual, and cloud environments.

3. On information and belief, Defendant Protegrity is a Cayman Islands Corporation with a mailing address at P.O. Box 309, Ugland House, South Church Street, George Town, Grand Cayman, Cayman Islands KY1-1104.

## INTRADISTRICT ASSIGNMENT

4. Pursuant to Civil Local Rule 3-2(c), this is an Intellectual Property Action to be assigned on a district-wide basis.

## BACKGROUND

5. United States Patent No. 6,321,201 ("the '201 patent") is entitled "Data Security System for a Database Having Multiple Encryption Levels Applicable on Data Element Value Level." The '201 patent states that it issued on November 20, 2001. A true and correct copy of the '201 patent is attached as Exhibit A.

6. United States Patent No. 8,402,281 ("the '281 patent") is entitled Data Security System for a Database." The '281 patent states that it issued on March 19, 2013. A true and correct copy of the '281 patent is attached as Exhibit B.

7. On March 12, 2015, counsel for Protegrity, Woodrow H. Pollack, wrote to Vormetric CEO Alan Kessler, claiming that his law firm has "reviewed many technical aspects

of Vormetric's Tokenization with Dynamic Data Masking and believe[s] that this system may infringe the '201 and '281 Patents." The letter included a request for "additional technical materials in order to verify whether" Vormetric products infringe. The letter concluded with a warning that "Protegrity is anxious for us to complete our infringement investigation of Vormetric products. Accordingly, please see that we receive the above-requested materials within the next ten (10) days." A true and correct copy of Protegrity's March 12 letter is attached as Exhibit C.

8. Protegrity has filed at least twenty-five lawsuits in District Court for the District of Connecticut for alleged patent infringement since 2008. Recently, Protegrity has become even more focused on litigation, having filed twenty-two patent cases since 2013. On information and belief, Protegrity accused all but two of the defendants in those cases of infringing the '201 and/or '281 patents. On information and belief, at least fourteen of Protegrity's lawsuits are currently pending, and all but two have been transferred to the Northern District of California pursuant to a multi-district litigation ("MDL") transfer order. In addition, six declaratory judgment lawsuits have been filed against Protegrity based upon letters similar to the one received by Vormetric. Protegrity's most recent lawsuits *Protegrity USA, Inc. et al v. Netskope, Inc.*, Case No. 3:15-cv-00230, *Protegrity USA, Inc. et al v. Netskope, Inc.*, Case No. 3:15-cv-00231, and *Protegrity USA, Inc. et al v. Vaultive, Inc.*, Case No. 3:15-cv-00232, were filed on February 18, 2015, in the District of Connecticut, two of which have been transferred to the Northern District of California pursuant to the MDL transfer order.

## SUBJECT MATTER JURISDICTION AND VENUE

9. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1338(a), 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391.

11. Vormetric and its products do not infringe and have not infringed, either directly or indirectly, any claim of the '201 or '281 patents, and thus Vormetric does not require a license to the '201 or '281 patents. In view of Protegrity's express allegations of infringement against

COMPLAINT – DECLARATORY JUDGMENT        -2-

1  Vormetric, a substantial controversy exists between the parties which is of sufficient immediacy
2  and reality to warrant declaratory relief.

3                              **PERSONAL JURISDICTION**

4       12.     This Court has personal jurisdiction over Defendant Protegrity.

5       13.     Protegrity has undertaken significant enforcement activities within the Northern
6  District of California.

7       14.     On information and belief, Protegrity is currently litigating twenty-one patent
8  infringement lawsuits in the Northern District of California related to the '201 and '281 patents
9  pursuant to the MDL transfer order, four of which were located in the Northern District of
10 California prior to the MDL transfer order: *Protegrity USA, Inc. et al v. Netskope, Inc.*, No. 3-
11 15-cv-01065 (N.D. Cal.); *Protegrity USA, Inc. et al v. Vaultive, Inc.*, No. 3-15-cv-01066 (N.D.
12 Cal.); *Protegrity Corp. v. PerspecSys USA, Inc.*, No. 3-15-cv-00967 (N.D. Cal.); *Prime Factors,
13 Inc. v. Protegrity USA, Inc.*, No. 3-15-cv-00929 (N.D. Cal.); *Protegrity Corp. v. Trustwave
14 Holdings, Inc.*, No. 3-15-cv-00969 (N.D. Cal.); *Protegrity Corp. v. Prime Factors, Inc.*, No. 3-
15 15-cv-00968 (N.D. Cal.); *Protegrity Corp. v. AJB Software Design, Inc.*, No. 3-15-cv-00857
16 (N.D. Cal.); *Protegrity Corp. et al v. Skyhigh Networks, Inc.*, No. 3-15-cv-00861 (N.D. Cal.);
17 *Protegrity Corp. v. Epicor Software Corp.*, No. 3-15-cv-00858 (N.D. Cal.); *Protegrity Corp. v.
18 Shift4 Corporation*, No. 3-15-cv-00859 (N.D. Cal.); *Shift4 Corporation v. Protegrity Corp.*, No.
19 3-15-cv-00860 (N.D. Cal.); *Protegrity Corp. et al v. Corduro, Inc.*, No. 3-15-cv-00825 (N.D.
20 Cal.); *Tokenex, LLC v. Protegrity Corp.*, No. 3-15-cv-00826 (N.D. Cal.); *Corduro, Inc. v.
21 Protegrity Corp. et al*, No. 3-15-cv-00801 (N.D. Cal.); *IPS Group, Inc. v. Protegrity Corp.*, No.
22 3-15-cv-00802 (N.D. Cal.); *TransFirst, LLC v. Protegrity Corp. et al*, No. 3-15-cv-00803 (N.D.
23 Cal.); *Protegrity Corp. v. Dataguise, Inc.*, No. 3-14-cv-04283 (N.D. Cal.); *Square, Inc. v.
24 Protegrity Corp.*, No. 3-14-cv-03423 (N.D. Cal.); *Skyhigh Networks, Inc. v. Protegrity Corp.*,
25 No. 3-14-cv-03151 (N.D. Cal.); and *Protegrity Corp. v. Informatica Corporation*, No. 3-14-cv-
26 02588 (N.D. Cal.); consolidated as *In re Protegrity Patent Litigation*, No. 3-15-md-02600 (N.D.
27 Cal.) pursuant to a MDL transfer order.

28

COMPLAINT – DECLARATORY JUDGMENT         -3-

15. On information and belief, Protegrity has licensed the '201 and '281 patents to at least three entities that, at the time of the licenses, were headquartered in the Northern District of California: Voltage Security, Inc., Ciphercloud, Inc., and Ingrian Networks, Inc. (since acquired by SafeNet, Inc.).

16. On information and belief, Protegrity retained Robert R. Sachs at Fenwick & West as patent counsel in the Northern District of California to prosecute the '281 patent in front of the United States Patent and Trademark Office ("USPTO").

17. On information and belief, Ulf Mattsson, Chief Technology Officer of Protegrity's subsidiary, Protegrity USA, Inc., has actively participated in several of Protegrity's previous patent infringement lawsuits. On information and belief, Mr. Mattsson has attended several industry conferences in the Northern District of California. Specifically, on information and belief, Mr. Mattsson attended the RSA conference in San Francisco, California in at least 2011, if not other years since. Attached as Exhibit D is a true and correct copy of Mr. Mattson's blog dated February 28, 2011, discussing his attendance at the RSA conference. On information and belief, Protegrity sued companies attending the RSA conference for patent infringement. On information and belief, Mr. Mattsson has made similar trips to Northern California as well.

18. On information and belief, Protegrity has sent letters alleging infringement of the '201 and '281 patents to multiple other companies located within the Northern District of California.

19. On information and belief, Protegrity has entered into licensing discussions regarding the '201 and '281 patents within the Northern District of California.

20. On information and belief, Protegrity has sued at least eight companies that are headquartered in the Northern District of California, alleging infringement of the '201 and '281 patents.

21. Defendant is subject to personal jurisdiction in this judicial district pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure. Defendant is a Cayman Islands corporation, and is not subject to jurisdiction in any state's courts of general jurisdiction.

Exercising jurisdiction over Defendant in this case is consistent with the United States Constitution and laws.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,321,201)

22. Vormetric repeats and realleges each and every allegation set forth above in paragraphs 1 through 21, inclusive, and incorporates them by reference herein.

23. The accused Vormetric products, including without limitation Vormetric's Tokenization with Dynamic Data Masking product referenced in Protegrity's letter, have not infringed and do not infringe, directly or indirectly, any claim of the '201 patent, either literally or under the doctrine of equivalents. Accordingly, Vormetric has a right to continue providing products and services without interference from Protegrity's '201 patent.

24. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Vormetric and Protegrity. Vormetric desires a prompt and definitive judicial determination and declaration that its products do not infringe any claim of the '201 patent. Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,402,281)

25. Vormetric repeats and realleges each and every allegation set forth above in paragraphs 1 through 24, inclusive, and incorporates them by reference herein.

26. The accused Vormetric products, including without limitation Vormetric's Tokenization with Dynamic Data Masking product referenced in Protegrity's letter, have not infringed and do not infringe, directly or indirectly, any claim of the '281 patent, either literally or under the doctrine of equivalents. Accordingly, Vormetric has a right to continue providing products and services without interference from Protegrity's '281 patent.

27. Accordingly, an actual, valid, and justiciable controversy has arisen and exists between Vormetric and Protegrity. Vormetric desires a prompt and definitive judicial determination and declaration that its products do not infringe any claim of the '281 patent.

Such a determination and declaration are necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Vormetric requests entry of judgment in its favor and against defendant Protegrity as follows:

(a) Declaring that Vormetric has not infringed, induced others to infringe, or contributed to the infringement of any claim of the '201 and '281 patents, either directly or indirectly, either literally or under the doctrine of equivalents;

(b) Enjoining Protegrity, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from making any claims that Vormetric's products or services infringe the '201 and '281 patents;

(c) Enjoining Protegrity, its officers, owners, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them, from enforcing the '201 and '281 patents;

(d) Awarding Vormetric its costs of suit, including reasonable attorneys' fees; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: March 20, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Stefani E. Shanberg*
Stefani E. Shanberg

Attorneys for Plaintiff
VORMETRIC, INC.

COMPLAINT – DECLARATORY JUDGMENT     -6-

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6(a), Vormetric hereby demands a jury trial of all issues triable by a jury.

Dated: March 20, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ *Stefani E. Shanberg*
Stefani E. Shanberg

Attorneys for Plaintiff
VORMETRIC, INC.